UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| Secretary of Labor, Mine Safety and Health Administration, <br><br> Petitioner <br><br> *v.* <br><br> County Line Stone Co., Inc.; Consol Pennsylvania Coal Company LLC; Ramaco Resources, LLC <br><br> and <br><br> Federal Mine Safety and Health Review Commission, <br><br> Respondents | No. 24-1357 |

**Petition for Review of a Decision of the
Federal Mine Safety and Health Review Commission**

The Secretary of Labor[1] petitions this Court for review of the Federal Mine Safety and Health Review Commission's decision in *County Line Stone Co., Inc., et al.*, FMSHRC Nos. YORK 2022-0003, PENN 2021-0108, and

---

[1] As of this date, Julie Su is the Acting Secretary of Labor. This petition for review uses "Secretary" to refer to the position of the Secretary in general, not to Ms. Su in particular.

WEVA 2022-0260, issued on November 1, 2024. See 30 U.S.C. 816(b); Fed. R. App. P. 15(a).

Respectfully submitted,

SEEMA NANDA
Solicitor of Labor

APRIL NELSON
Associate Solicitor

s/ EMILY TOLER SCOTT
Counsel for Appellate Litigation
U.S. Department of Labor
Office of the Solicitor
Division of Mine Safety & Health
201 12th Street South, Suite 401
Arlington, VA 22202
(202) 693-9333
scott.emily.t@dol.gov

Attorneys for the Secretary of Labor

# Certificate of Service

I certify that on November 15, 2024, this petition for review was served on all parties by email.

Paul T. Sharlow
Sharlow Law Firm, P.C.
psharlow@sharlowlaw.com
  *Counsel for County Line Stone Co., Inc.*

Craig Aaron
CONSOL Energy Inc.
craigaaron@consolenergy.com
  *Representative of Consol Pennsylvania Coal Company LLC*

Jonathan R. Ellis
Colton C. Parsons
Steptoe & Johnson PLLC
Jonathan.Ellis@steptoe-johnson.com
Colton.Parsons@steptoe-johnson.com
  *Counsel for Ramaco Resources, LLC*

Jason Riley
Office of General Counsel
Federal Mine Safety and Health Review Commission
jriley@fmshrc.gov

                                              s/ Emily Toler Scott

November 1, 2024

| | | |
|---|---|---|
| SECRETARY OF LABOR,<br>   MINE SAFETY AND HEALTH<br>   ADMINISTRATION (MSHA) | : | |
| | : | |
| v. | : | Docket No. YORK 2022-0003 |
| | : | |
| COUNTY LINE STONE CO., INC. | : | |
| | : | |
| SECRETARY OF LABOR,<br>   MINE SAFETY AND HEALTH<br>   ADMINISTRATION (MSHA) | : | |
| | : | |
| v. | : | Docket No. PENN 2021-0108 |
| | : | |
| CONSOL PENNSYLVANIA COAL<br>   COMPANY LLC | : | |
| | : | |
| SECRETARY OF LABOR,<br>   MINE SAFETY AND HEALTH<br>   ADMINISTRATION (MSHA) | : | |
| | : | |
| v. | : | Docket No. WEVA 2022-0260 |
| | : | |
| RAMACO RESOURCES, LLC | : | |

BEFORE: Jordan, Chair; Baker and Marvit, Commissioners

## DECISION

BY: THE COMMISSION

     These consolidated cases arise under the Federal Mine Safety and Health Act of 1977, 30 U.S.C. § 801 et seq. (2018) ("Mine Act"). The cases are before the Commission on interlocutory review for our consideration of whether section 110(k) of the Mine Act authorizes a Commission Judge to review the Secretary of Labor's decision to vacate a citation in the context of a settlement, when the vacatur is contingent upon the resolution of other citations.[1]

---

[1] Commission Procedural Rule 76 provides that "the Commission, by a majority vote . . . may grant interlocutory review upon a determination that the Judge's interlocutory ruling involves a controlling question of law and that immediate review may materially advance the final disposition of the proceeding." 29 C.F.R. § 2700.76(a)(2).

1

The Commission recently affirmed that the Mine Act provides a Commission Judge with the authority to review a proposal to vacate a contested citation in a settlement agreement. *Crimson Oak Grove Res, LLC,* 46 FMSHRC 593 (Aug. 30, 2024). We determined that the Mine Act clearly authorizes a Judge to review proposed settlement agreements which contain an agreement to vacate a contested citation. Accordingly, for the reasons described herein, these cases are remanded to the Judge for further proceedings consistent with this decision and our decision in *Crimson Oak*.[2]

## I.

## Factual and Procedural Background

In each of these matters, the Secretary filed a motion to approve settlement proposing to vacate at least one of the contested citations, citing *RBK Construction, Inc.*, 15 FMSHRC 2099 (Oct. 1993).[3] In consideration of the motions, the Judge asked if the Secretary's representative could attest that the proposal to vacate any citation was independent from, and not contingent upon, the compromise or settlement of other citations. The Secretary did not provide the requested assurance. The Secretary instead filed motions for certification of interlocutory review, requesting that the Judge certify the question of whether the Secretary has the unreviewable discretion to vacate a contested citation. The Judge denied the motions for interlocutory review as well as the motions to approve settlement. Thereafter, the Secretary filed a petition for interlocutory review directly with the Commission.

On August 5, 2022, the Commission granted interlocutory review of the Judge's denial orders and consolidated these captioned proceedings.[4] The Judge's orders are before us now in consideration of the question of his authority to review proposed settlements under the Mine Act. The pertinent settlement terms presented in each motion are as follows.

### A. County Line Stone Co., Inc., YORK 2022-0003

The Secretary's motion to approve settlement in *County Line Stone* includes a proposal to vacate two of the five citations at issue, reducing the total originally proposed civil penalty from $625 to $375 ($125 civil penalty per citation). The Secretary now proposes to vacate Citation

---

[2] On September 10, 2024, the Secretary of Labor appealed the Commission's decision in *Crimson Oak* to the United States Court of Appeals for the District of Columbia Circuit. On October 22, 2024, the Secretary filed an unopposed motion with the Commission seeking to hold these captioned cases in abeyance pending a decision from the D.C. Circuit in *Crimson Oak*. After considering the Secretary's motion and the arguments therein, the motion for stay is hereby denied.

[3] Sec'y's Mot., No. YORK 2022-0003 at 3; Sec'y's Mot., No. PENN-2021-0008 at 5; Sec'y's Mot., No. WEVA 2022-0260 at 5.

[4] The cases were consolidated pursuant to our authority under Commission Procedural Rule 12, 29 C.F.R. § 2700.12.

No. 9663313, issued for an alleged violation of 30 C.F.R. § 56.20011, which requires barricades or warning signs in areas where there are safety hazards. In addition, the Secretary proposes to vacate Citation No. 9663308, issued for an alleged violation of 30 C.F.R. § 56.12018, which requires labeling of power switches. The operator agrees to pay the penalties for the three remaining citations.

### B. Consol Pennsylvania Coal Co., PENN 2021-0108

The Secretary's motion to approve settlement in *Consol Pennsylvania* includes a proposal to vacate two of the seven citations at issue. The Secretary proposes vacating Citation Nos. 7033996 and 7033997, which were issued for alleged electrical wiring defects in violation of 30 C.F.R. § 77.516. The operator agrees to accept the other five contested citations with some modifications. In total the parties propose to reduce the original proposed penalty of $1,730 to $636.

### C. Ramaco Resources, LLC, WEVA 2022-0260

The Secretary's motion to approve settlement in *Ramaco Resources* includes the proposal to vacate one of the seven citations at issue. The Secretary proposes to vacate Citation No. 9562673 and its $10,868 civil penalty without additional factual support or explanation. The citation alleges that the operator was not following the mine's approved ventilation plan in violation of the requirements in 30 C.F.R. § 75.370(a)(1). The citation states:

> The approved ventilation plan is not being followed along the bleeder entries that is used to access the 50 psi seals at the top end of the #2 Mains panel. The roof in the two bleeder entries inby cross cut 32 has severely deteriorated preventing the weekly examiner from traveling the area safely. The ribs bolts have rolled out in the center of the entry and the mine roof is not sound. The last examination that was conducted was on 12-13-21 of the bleeder and 5 psi seal area. This condition could cause serious injury to the examiner traveling through this area.
>
> Standard 75.370(a)(1) was cited 7 times in two years at mine 4609495 (7 to the operator, 0 to a contractor).

The parties agree to additional reductions in proposed civil penalties and other modifications for many of the other six citations at issue. The parties agree to settle the original total proposed civil penalty of $35,346 for $6,464.

**II.**

**<u>Disposition</u>**

The Secretary argues that she has the unreviewable prosecutorial discretion to vacate contested citations and that section 110(k) of the Mine Act does not provide the Commission the authority to review the Secretary's vacatur decisions.[5]

The Commission refuted these same arguments in *Crimson Oak*, holding that the Secretary's position is "clearly inconsistent with section 110(k) of the Mine Act." 46 FMSHRC at 604. For reasons stated more fully in that decision, sections 110(k) and 110(i) of the Mine Act, 30 U.S.C. § § 820(k) and 820(i), circumscribe the Secretary's enforcement discretion and supply a meaningful standard to review motions to approve proposed settlements of citations and civil penalties contested before the Commission.

Section 110(k) of the Mine Act, 30 U.S.C. § 820(k), provides that:

> No proposed penalty which has been contested before the
> Commission under section 105(a) shall be compromised,
> mitigated, or settled except with the approval of the Commission.
> No penalty assessment which has become a final order of the
> Commission shall be compromised, mitigated, or settled except
> with the approval of the court.

Section 110(k) specifically "directs the Commission and its judges to protect the public interest by ensuring that all settlements of contested penalties are consistent with the Mine Act's objectives." *Crimson Oak*, 46 FMSHRC at 599 (citing *Knox County Stone Co.*, 3 FMSHRC 2478, 2479 (Nov. 1981)).

The Commission has recognized that "although Congress gave the Secretary most of the enforcement powers under the Act, it expressly chose to give to the Commission the authority to assess penalties and approve settlements – powers that usually are given to an enforcement agency." *The American Coal Co.*, 38 FMSHRC 1972, 1979 (Aug. 2016) ("*AmCoal I*"). Under the Mine Act, all contested penalties ultimately become part of a final decision of the Commission.[6] 30 U.S.C. § 823(d).

---

[5] The Secretary filed a brief in this case prior to our issuance of *Crimson Oak*. The operators did not file briefs.

[6] The Mine Act's legislative history notes that when investigating the then recent catastrophic mine disasters and associated regulatory failures, the Senate Committee discovered that the "compromising of the amounts of penalties actually paid" had reduced "the effectiveness of the civil penalty as an enforcement tool." S. Rep. No. 95-181, at 44 (1977), reprinted in Senate Subcomm. on Labor, Comm. on Human Res., *Legislative History of the Federal Mine Safety and Health Act of 1977*, at 632 (1978). The Senate Report states that by enacting section 110(k) "the Committee intends to assure that the abuses involved in the unwarranted lowering of penalties as a result of off-the-record negotiations are avoided. It is intended that the

4

Commission Procedural Rule 31, 29 C.F.R. § 2700.31(b)(1), specifies that motions to approve settlement shall require, for each violation at issue, "the amount of the penalty proposed by the Secretary, the amount of the penalty agreed to in settlement and facts in support of the penalty agreed to by the parties."[7] The decision whether to grant a settlement motion is left "to the 'sound discretion' of the Commission and its judges." *Crimson Oak*, 46 FMSHRC at 599 (citing *Madison Branch Mgmt.*, 17 FMSHRC 859, 864 (June 1995)).

In claiming unreviewable discretion to vacate a contested citation, in the context of a settlement agreement, the Secretary relies, *inter alia*, upon *Cuyahoga Valley Ry. Co., v. United Transp. Union*, 474 U.S. 3 (1985) and *RBK Construction Inc.*, 15 FMSHRC 2099 (Oct. 1993). In *Crimson Oak*, the Commission demonstrated why neither of those two decisions concern the Commission's authority to review a settlement agreement. *Crimson Oak*, 46 FMSHRC at 601-02. In *Cuyahoga Valley*, the Supreme Court held that the Secretary's power to issue citations pursuant to the Occupational Health and Safety Act of 1970 ("OSH Act") includes the power to withdraw the citations. However, the Federal Mine Safety and Health Review Commission *unlike* its OSH Act counterpart has been assigned the authority and the responsibility to review settlements. The OSH Act lacks any provision that is analogous to section 110(k). *Id*. at 601. Thus, the cases currently before us are clearly distinguishable.

The Secretary's reliance on *RBK Construction* is also misplaced. In *RBK Construction*, the Federal Mine Safety and Health Review Commission found that the Secretary had the authority to vacate citations presented in a motion to dismiss, relying on *Cuyahoga Valley*. Similar to *Cuyahoga Valley*, in *RBK Construction*, the Secretary vacated the citations after determining that a different regulatory agency had jurisdiction over the operator; in that case OSHA.[8] 15 FMSHRC at 2099. Notably, the vacated citations were *not* vacated as part of an agreement to settle the case, contingent upon the resolution of other citations.

In *Crimson Oak*, the Commission rejected the Secretary's attempt to extend her authority to vacate citations to situations in which the proposal to vacate is presented as a settlement term. The Commission held that the Secretary does not have unreviewable discretion to settle cases by vacating citations under the Mine Act. Specifically, the Commission stated:

---

Commission and the Courts will assure that the public interest is adequately protected before approval of any reduction in penalties." *Id*. at 44-45; *see Black Beauty*, 34 FMSHRC 1856, 1862 (Aug. 2012) (Congress assigned the Commission the responsibility to review the parties' agreements to settle contested penalties "[i]n order to ensure penalties serve as an effective enforcement tool, prevent abuse, and [protect] the public interest.").

[7] The requirement to provide factual support in the settlement proposal has been largely unchanged since the inception of the Commission's procedural rules. *See* 44 Fed. Reg. 38,226, 38,230 (June 29, 1979).

[8] The Secretary provides *no explanation* for her decision to vacate *any* of the contested citations in the subject motions to approve settlement. Notably, in *Cuyahoga Valley* the Secretary vacated the OSHA citations only after she determined that the operator was under the jurisdiction of the Federal Railway Administration instead.

5

While there is a general presumption of unreviewability of decisions not to enforce, Congress may withdraw an agency's discretion over such decisions. In *Heckler v. Chaney*, the Supreme Court recognized that the presumption of unreviewability may be overcome if a statute "has indicated [Congress's] intent to circumscribe agency enforcement discretion, and has provided meaningful standards for defining the limits of that discretion . . . ." 470 U.S. 821, 834 (1985).

In the settlement context, section 110(k) provides an exception to the general rule of unreviewability. That provision expressly curtails the Secretary's authority to exercise a basic power of prosecutorial discretion: the power to settle a case. As stated in *AmCoal I*, 38 FMSHRC at 1980, "section 110(k) is an explicit expression of Congressional authorization that rebuts any presumption of unreviewability." Indeed, the Secretary "has acknowledged that the [Heckler] presumption is rebutted by the existence [of] section 110(k)." *Id*. at 1980 n.10, citing *AmCoal I*, Sec'y Reply Br. at 4.

*Crimson Oak*, 46 FMSHRC at 599-600.

Furthermore, despite the Secretary's argument to the contrary, the Mine Act provides a "meaningful standard" for the review of a motion to approve settlement. *Id*. at 600 ("the Commission's parameters of review are set out in section 110(i), the Act's legislative history, and the Commission's Procedural Rules."). To summarize, section 110(i) of the Mine Act sets forth six factors for the Commission to consider in assessing penalty amounts.[9] *Id*. (citing *AmCoal I*, 38 FMSHRC at 1981). "In addition, the Commission has interpreted Section 110(k) to require the Judge to determine whether the proposed settlement is fair, reasonable, appropriate under the facts, and protects the public interest." *Id*. (citing *AmCoal I*, 38 FMSHRC at 1976). The Commission requires that the information contained within the motion to be "sufficient to establish that the penalty reduction does, in fact, protect the public interest." *Black Beauty*, 34 FMSHRC at 1862.

---

[9] Section 110(i), 30 U.S.C. § 820(i), provides that:

> In assessing civil monetary penalties, the Commission shall consider the operator's history of previous violations, the appropriateness of such penalty to the size of the business of the operator charged, whether the operator was negligent, the effect on the operator's ability to continue in business, the gravity of the violation, and the demonstrated good faith of the person charged in attempting to achieve rapid compliance after notification of a violation.

**III.**

**<u>Conclusion</u>**

Accordingly, we affirm the Judge's orders denying the motions to approve settlement. We reiterate that a Commission Judge has the authority to review motions to approve settlement, including instances in which there is a proposal to vacate a citation.

These captioned cases are remanded to the Judge for further proceedings consistent with this decision, as well as our decision in *Crimson Oak*. The parties are invited to resubmit motions to approve settlement before the Judge with additional information or different terms, if not both.

_____
Mary Lu Jordan, Chair

_____
Timothy J. Baker, Commissioner

_____
Moshe Z. Marvit, Commissioner

Distribution:

Emily Toler-Scott, Esq.
Office of the Solicitor
U.S. Department of Labor
201 12th St. South, Suite 401
Arlington, VA 22202-5450
Scott.Emily.T@dol.gov

April Nelson, Esq.
Associate Solicitor,
Office of the Solicitor
U.S. Department of Labor
201 12th St. South, Suite 401
Arlington, VA 22202-5450
Nelson.April@dol.gov

Norman C. Ridley, CLR
U.S. Department of Labor, MSHA
Thorn Hill Industrial Park
178 Thorn Hill Road, Suite 100
Warrendale, PA 15086
Ridley.Norman@dol.gov

Douglas Sciotto, CLR
U.S. Department of Labor, MSHA
631 Excel Drive, Suite 100
Mt. Pleasant, PA 15666
Sciotto.Douglas@dol.gov

Chris A. Weaver, CLR
U.S. Department of Labor, MSHA
604 Cheat Road
Morgantown, WV 26508
Weaver.Chris@dol.gov

Paul T. Sharlow, Esq.
Sharlow Law Firm, P.C.
P.O. Box 641
Jamesville, NY 13078
psharlow@sharlowlaw.com

Craig Aaron
CONSOL Energy Inc.,
10000 CONSOL Energy Drive, Suite 100
Canonsburg, PA 15317
craigaaron@consolenergy.com

Jonathan R. Ellis, Esq.
Steptoe & Johnson PLLC
Chase Tower, Seventeenth Floor
P.O. Box 1588
Charleston, WV 25326
Jonathan.Ellis@steptoe-johnson.com

Colton C. Parsons, Esq.
Steptoe & Johnson PLLC
Chase Tower, Seventeenth Floor
P.O. Box 1588
Charleston, WV 25326
Colton.Parsons@steptoe-johnson.com

Administrative Law Judge Michael G. Young
Office of the Chief Administrative Law Judge
Federal Mine Safety & Health Review Commission
1331 Pennsylvania Ave. N.W., Suite 520N
Washington, DC 20004-1710
myoung@fmshrc.gov

Chief Administrative Law Judge Glynn Voisin
Office of the Chief Administrative Law Judge
Federal Mine Safety & Health Review Commission
1331 Pennsylvania Ave. N.W., Suite 520N
Washington, DC 20004-1710
GVoisin@fmshrc.gov

Melanie Garris
Office of Civil Penalty Compliance
Mine Safety and Health Administration
U.S. Department of Labor
201 12th St. South, Suite 401
Arlington, VA 22202-5450
Garris.Melanie@dol.gov