# UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Secretary of Labor, Mine Safety
and Health Administration,

Petitioner

*v.*

No. 24-1357

County Line Stone Co., Inc.;
Consol Pennsylvania Coal
Company LLC; Ramaco
Resources, LLC

and

Federal Mine Safety and Health
Review Commission,

Respondents

## Statement of Issues to be Raised

The Federal Mine Safety and Health Act of 1977 establishes a split-

enforcement scheme: the Secretary of Labor[1] has the exclusive authority to

enforce the Mine Act, and the Federal Mine Safety and Health Review

---

[1] As of this date, Julie Su is the Acting Secretary of Labor. This filing uses
"Secretary" to refer to the position of the Secretary in general, not to Ms. Su
in particular.

Commission adjudicates certain disputes arising under it. See *Sec'y of Lab.* v. *Twentymile Coal Co.*, 456 F.3d 151 (D.C. Cir. 2006).

If, during an inspection of a mine, the Secretary determines that a mine operator has violated a mandatory safety and health standard, she issues a citation to the operator. 30 U.S.C. 814(a). The mine operator may contest the citation before the Commission. 30 U.S.C. 815(a).

This case concerns the Secretary's discretion to vacate a citation after an operator has contested it before the Commission. The Commission had previously held that the Secretary has unreviewable discretion to vacate citations. *RBK Constr., Inc.*, 15 FMSHRC 2099 (1993). But in a recent decision, *Crimson Oak Grove Res., LLC,* 46 FMSHRC 593 (2024), the Commission concluded that although the Secretary's decision to vacate a contested citation is an exercise of enforcement discretion, it has authority to review that decision. It reasoned that section 110(k) of the Mine Act, 30 U.S.C. 820(k), which concerns settlements of civil penalties, shows an intent to circumscribe the Secretary's discretion to vacate a contested citation. It also reasoned that its own procedural rules; section 110(i) of the Mine Act, 30 U.S.C. 820(i); and the Mine Act's legislative history provide a meaningful standard to review the Secretary's decision to vacate. The Secretary filed

with this Court a petition for review of that decision; it is docketed at *Sec'y of Lab.* v. *Crimson Oak Grove Res., LLC et al.*, No. 24-1294.

In this case, the Commission followed *Crimson Oak Grove* and concluded that the Secretary does not have unreviewable discretion to vacate contested citations.

The issue to be raised is: did the Commission err by concluding that it has authority to review the Secretary's discretionary decision to vacate a contested citation?

Respectfully submitted,

SEEMA NANDA
Solicitor of Labor

APRIL NELSON
Associate Solicitor

s/ EMILY TOLER SCOTT
Counsel for Appellate Litigation
U.S. Department of Labor
Office of the Solicitor
Division of Mine Safety & Health
201 12th Street South, Suite 401
Arlington, VA 22202
(202) 693-9333
scott.emily.t@dol.gov

Attorneys for the Secretary of Labor

**Certificate of Service**

I certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system on December 18, 2024 and the following registered users will be served via the CM/ECF system:

Patrick W. Dennison
    *Consol Pennsylvania Coal Company LLC*

Jason Riley
    *Federal Mine Safety and Health Review Commission*

I further certify that on December 18, 2024, the foregoing was served on the following parties by email.

Paul T. Sharlow
Sharlow Law Firm, P.C.
psharlow@sharlowlaw.com
   *Counsel for County Line Stone Co., Inc.*

Jonathan R. Ellis
Colton C. Parsons
Steptoe & Johnson PLLC
Jonathan.Ellis@steptoe-johnson.com
Colton.Parsons@steptoe-johnson.com
   *Counsel for Ramaco Resources, LLC*

s/ Emily Toler Scott