UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

Secretary of Labor, Mine Safety
and Health Administration,

    Petitioner,

      *v.*

Crimson Oak Grove Resources,
LLC, et al., and Federal Mine
Safety and Health Review
Commission,

        Respondents.

No. 24-1294

Secretary of Labor, Mine Safety
and Health Administration,

    Petitioner,

      *v.*

County Lime Stone Company and
Federal Mine Safety and Health
Review Commission,

        Respondents.

No. 24-1357

**Joint Briefing Proposal**

On March 24, 2025, the Court ordered the parties to submit a joint

proposed format for the briefing of these cases,[1] accompanied by a detailed

---

[1] The Secretary recently filed with this court a petition for review in *Sec'y of Labor* v. *Genesis Alkali, LLC*, No. 25-1107. *Genesis Alkali* raises issues substantially similar to those before the Court here; the Secretary has filed a

justification for their proposal. The parties[2] respectfully submit the following

proposal and justification:

## I. Briefing Proposal

### A. Principal Brief to Be Filed by the Secretary

The Secretary proposes to file a principal brief that complies with the

type-volume limitation set out in Federal Rule of Appellate Procedure

32(a)(7)(B). The Secretary's principal brief will address the underlying issue

in the case, as well as the additional issues the Court ordered the parties to

brief in its March 24, 2025 Order.

The Secretary requests 45 days from the date of entry of an order by the

Court approving this joint briefing proposal to file her principal brief.

### B. Limited Supplemental Briefs by Private-Party Respondents

Within 30 days after the Secretary files her principal brief, each private-

party Respondent may file, to the extent they file any response at all, either

---

motion to hold *Genesis Alkali* in abeyance pending the Court's determination on these consolidated cases. The Court has not yet ruled on the motion.

[2] Counsel for the Secretary has conferred with counsel for the private-party Respondents. The Secretary has not received a response from Respondent County Line Stone. The other private-party Respondents agree to, and have authorized the Secretary to file, this joint proposal.

(a) a one-page letter advising the Court that the Respondent wishes to join the Secretary's brief or (b) a supplemental brief that is limited to 4,000 words.

Any supplemental brief will be limited to additional arguments not made in the Secretary's brief; where appropriate, Respondents will endeavor to file combined responses. The Respondents wish to wait until after the Secretary has filed her principal brief to decide whether they will join the Secretary or file a supplemental response, so that they can consider the contents of the Secretary's brief before electing a course of action.

## II. Justification for Briefing Proposal

This briefing proposal reflects consideration of the number of private party Respondents, the aligned interests between Respondents and the Secretary, and the potential non-aligned interests between Respondents and the Secretary.

### A. The Private-Party Respondents

There are seven private-party Respondents in these consolidated cases: Crimson Oak Grove Resources, River City Stone, Holcim, Greenbrier Minerals, Consol Pennsylvania Coal Company, County Line Stone, and Ramaco Resources.

### B. The Underlying Issue in the Case and the Aligned Interests of the Secretary and Private-Party Respondents

The context of these cases gives rise to the aligned interests between the Secretary and each of the Respondents. In each case, the Secretary and the Respondent reached a settlement of one or more citations issued to Respondents by the Mine Safety and Health Administration ("MSHA"), in which the Secretary decided to vacate one or more contested citations. In doing so, the Secretary dropped one or more citations against Respondents. Thereafter, in each case, the Federal Mine Safety and Health Review Commission asserted that it had authority to review the Secretary's vacatur decisions.

The underlying issue in each of these consolidated cases is whether the Secretary has unreviewable discretion to vacate an MSHA citation once an operator has contested the citation before the Commission.

The Secretary's primary interest, in the context of this appeal, is preserving her prosecutorial discretion in enforcing the Mine Act. The private-party Respondents, on the other hand, may have other primary interests, such as minimizing litigation expenses. The private-party Respondents may wish to articulate such views in supplemental briefing. See, *e.g.*, Greenbrier Minerals, LLC's Resp. to Show-Cause Order, No. 24-1294

(Feb. 14, 2025), at 2 (where Greenbrier Minerals incorporates the Secretary's response to the Show Cause Order, and "notes a few other key points"). It is unlikely that the Respondents' positions have changed, but those Respondents may wish to articulate their separate views on those issues.

### C. Possible Non-Aligned Interests Between the Secretary and the Private-Party Respondents

The Secretary and private-party Respondents appear to be aligned on the issues identified in the Court's Show-Cause Order of December 19, 2024, and on which the Court has also directed the parties to brief in the upcoming brief on the merits. Greenbrier Minerals and Crimson Oak Grove, for example, filed short responses that concurred with the Secretary's brief on those issues. Greenbrier Minerals, LLC's Resp. to Show-Cause Order, No. 24-1294 (Feb. 14, 2025); Crimson Oak Grove Res., LLC's Resp. to Show-Cause Order, No. 24-1294 (Feb. 14, 2025). Neither River City Stone, Holcim, Consol Pennsylvania Coal Company, County Line Stone, nor Ramaco Resources filed an objection to the Secretary's response to the Court's Show-Cause Order. Respondents may wish to articulate their views on those issues in a supplemental brief.

## III. Relief

The parties respectfully request a briefing order consistent with this proposal.

Respectfully submitted,

LORI CHAVEZ-DEREMER
Secretary of Labor

JONATHAN L. SNARE
Acting Solicitor of Labor

THOMAS A. PAIGE
Acting Associate Solicitor

s/ SUSANNAH M. MALTZ
Attorney
U.S. Department of Labor
Office of the Solicitor
Division of Mine Safety & Health
200 Constitution Ave NW
Suite N-4428
Washington, DC 20210
(202) 693-5393
maltz.susannah.m@dol.gov

Attorneys for the Secretary of Labor

**Certificate of Compliance with Type-Volume Limit,
Typeface Requirements, and Type-Style Requirements**

This document complies with the type-volume limit of Fed. R. App. P.

27(d)(2)(A) because, excluding the parts of the document exempted under

Fed. R. App. P. 32(f), it contains 829 words.

This document complies with the typeface requirements of Fed. R. App.

P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6)

because it has been prepared in Microsoft Word in 14-point Equity.

s/ Susannah M. Maltz

## Certificate of Service

I certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system on May 22, 2025 and the following registered users will be served via the CM/ECF system:

Jason Riley
*Federal Mine Safety and Health Review Commission*

Ted Hunt
*Crimson Oak Grove Resources*

Adele Abrams
*River City Stone*

William K. Doran & Zachary Byers
*Holcim*

Lorna Waddell
*Greenbrier Minerals*

Patrick Dennison
*Consol Pennsylvania Coal*

Paul T. Sharlow
*County Line Stone*

Jonathan Ellis
*Ramaco Resources*

s/ Susannah M. Maltz