IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| Secretary of Labor, Mine Safety and Health Administration,<br><br>Petitioner,<br><br>v.<br><br>Knight Hawk Coal, LLC and Federal Mine Safety and Health Review Commission,<br><br>Respondents. | Nos. 24-1293, 24-1356, 25-1077 |
| Secretary of Labor, Mine Safety and Health Administration,<br><br>Petitioner,<br><br>v.<br><br>Crimson Oak Grove Resources LLC, *et al.*,<br><br>Respondents. | Nos. 24-1294, 24-1357 |

**MOTION TO AMEND THE COURT'S ORDER**

In these cases, the Court has appointed amicus curiae and directed amicus to "present argument on behalf of the Federal Mine Safety and Health Review Commission." Order at 2, *Secretary of Labor v. Knight Hawk Coal, LLC*, No. 24-1293 (D.C. Cir. Aug. 6, 2025) (Appointment Order). The United States respectfully requests that the Court amend its order to direct amicus to argue in support of the order issued by the Federal Mine Safety and Health Review Commission and any positions identified by the Court.

**1.** These are petitions for review from orders of the Federal Mine Safety and Health Commission. The Commission is a federal agency whose members are appointed by the President with confirmation by the Senate. 30 U.S.C. § 823(a). The Commission adjudicates alleged violations of the Federal Mine Safety and Health Act of 1977, and the Secretary of Labor initiates those enforcement proceedings. *See id.* § 815. Private parties aggrieved by the Commission's decision may seek judicial review in the courts of appeals, *id.* § 816(a), as may the Secretary, *id.* § 816(b).

**2.** As part of the Act, Congress granted attorneys within the Department of Labor general authority to " represent the Secretary in any civil litigation brought under this chapter," while maintaining that "all such litigation shall be subject to the direction and control of the Attorney General." 30 U.S.C. § 822. The Commission, by contrast, has no statute providing for specific litigating authority. Accordingly, the Commission is subject to the usual rule that "the conduct of litigation in which the United States, an agency, or officer thereof is a party * * * is reserved to officers of the Department of Justice, under the direction of the Attorney General." 28 U.S.C. § 516.[1]

---

[1] *Accord* 28 U.S.C. § 519 ("Except as otherwise authorized by law, the Attorney General shall supervise all litigation to which the United States, an
*Continued on next page.*

**3.** Consistent with Congress' direction, the Department of Justice is currently representing the Commission in pending litigation that raises constitutional challenges to the Commission and its adjudicatory powers. *See MOSenecaManufacturer, LLC v. Federal Mine Safety and Health Review Commission*, 25-1349 (8th Cir.).

**4.** When this Court seeks briefing on arguments that might not be raised by private parties or the federal government, it has appointed amicus to argue on behalf of propositions identified by the Court. *See* Order, *Fleming v. U.S. Department of Agriculture*, No. 17-1246 (D.C. Cir. Dec. 6, 2019) (appointing "amicus curiae to argue in support of the following position"). Similarly, this Court has appointed amicus "to assist the court" in cases involving an unrepresented private party, Order *Searcy v. Smith*, No. 23-7033 (D.C. Cir. Nov. 7, 2023), or "to present arguments in support of petitioner's position that amicus determines are potentially meritorious," Order, *Muir v. U.S. Department of Homeland Security*, No. 22-1318 (Apr. 10, 2023).

---

agency, or officer thereof is a party * * *."); 5 U.S.C. § 3106 ("Except as otherwise authorized by law, the head of an Executive department or military department may not employ an attorney or counsel for the conduct of litigation in which the United States, an agency, or employee thereof is a party, or is interested, or for the securing of evidence therefor, but shall refer the matter to the Department of Justice.").

**5.**  We are not aware of a similarly situated case in which this Court has appointed an attorney in private practice to file briefs and present arguments "on behalf of" a federal agency.  *See* Appointment Order at 2.  *Cf. Buckley v. Valeo*, 424 U.S. 1, 140 (1976) ("[R]esponsibility for conducting civil litigation in the courts of the United States" on behalf of a federal agency "may be discharged only by persons who are 'Officers of the United States'" under U.S. Const. art. II, § 2, cl. 2).  The United States, of course, does not mean to suggest that the Court need forgo any briefing that might be helpful to the resolution of any issues presented by these cases.  The government suggests only that the Court's order be amended to clarify that amicus will not argue on behalf of the Commission, but instead that amicus will argue in support of the Commission's order or any positions identified by the Court.

Respectfully submitted

BRETT A. SHUMATE
  *Assistant Attorney General*

MICHAEL S. RAAB
 */s/ Daniel Aguilar*
DANIEL AGUILAR
  *Attorneys, Appellate Staff*
  *Civil Division*
  U.S. Department of Justice
  950 Pennsylvania Avenue NW
  Washington, DC 20530
  (202) 305-1754

# CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 711 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in 14-point Georgia, a proportionally spaced typeface.

*/s/ Daniel Aguilar*
Daniel Aguilar

# CERTIFICATE AS TO PARTIES

## A. Parties and Amici

In cases subject to the Court's order appointing amicus curiae, the parties appearing before the Federal Mine Safety and Health Review Commission were the Secretary of Labor; Knight Hawk Coal, LLC; Crimson Oak Grove Resources, LLC; River City Stone-Div/Mathy Construction Company; Holcim (US) Inc.; Greenbrier Minerals, LLC; County Line Stone Co., Inc.; Consol Pennsylvania Coal Company LLC; Ramaco Resources, LLC; and Bluestone Oil Corporation. Those parties and the Commission are parties in the cases before this Court.

There were no intervenors or amici before the Commission. There are no intervenors before this Court. Soren J. Schmidt was appointed by this Court as amicus curiae.

/s/ Daniel Aguilar
Daniel Aguilar
  *Attorney, Appellate Staff*
  *Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 305-1754*